UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEWAUNTAE JONES,

    Petitioner,

v.                             CASE NO. 18-cv-13142
                                  HON. GEORGE CARAM STEEH

ERICK BALCARCEL,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY [ECF No. 2], DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3], AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

This matter came before the Court on petitioner Kewauntae Jones' *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges petitioner's state convictions for a drug crime, an assault, and three firearm offenses. Petitioner currently seeks appointment of counsel and a stay of this federal proceeding while he pursues state remedies. For the reasons given below, the Court will grant petitioner's motion for a stay and deny his motion for appointment of counsel.

### I. Background

Petitioner alleges that, in 2016, he pleaded guilty to the following crimes: possession of a firearm during the commission, or attempt to commit, a felony, second offense; felon in possession of a firearm;

- 1 -

possession of a controlled substance; carrying a concealed weapon; and assault with intent to do great bodily harm less than murder.  (ECF No. 1, PageID. 1).  He was sentenced to prison for five years for possessing a firearm during the commission of a felony, six to twenty years for being a felon in possession of a firearm and carrying a concealed weapon, three to fifteen years for possessing a controlled substance, and twelve and a half to ninety years for assaulting someone with intent to do great bodily harm less than murder.  Id.

On appeal from his convictions, petitioner argued that:  (1) his constitutional rights were violated at sentencing; (2) trial counsel misled him into pleading guilty; (3) trial counsel failed to review discovery materials with him and used fear to persuade him to plead guilty; and (4) trial counsel informed him that he could not withdraw his plea before sentencing.   The Michigan Court of Appeals and the Michigan Supreme Court affirmed his convictions.  Id., PageID. 2.

Petitioner filed a motion for relief from judgment in the state trial court where he argued that:  (1) trial counsel failed to investigate and determine the correct sentencing guidelines before advising him to plead guilty; (2) counsel's complete failure to investigate resulted in the absence of counsel

at a critical stage; (3) the trial judge failed to advise him of the enhanced maximum sentence for each count before taking his plea; and (4) appellate counsel failed to raise these issues on appeal. Id., PageID. 3. The motion was pending in the state trial court when petitioner filed his habeas petition on October 9, 2018. Id.

Petitioner seeks the writ of habeas corpus on grounds that: (1) the state sentencing guidelines were scored incorrectly; (2) trial counsel misled him into pleading guilty by informing him that he would be incarcerated for three years; (3) trial counsel frightened him into pleading guilty and failed to fully review the discovery materials with him before advising him to plead guilty; (4) trial counsel failed to object to the incorrect scoring of the sentencing guidelines and told him that he could not withdraw his plea before sentencing; (5) trial counsel failed to investigate his history to determine the correct sentencing guidelines before advising him to plead guilty; (6) trial counsel's complete failure to investigate the correct guidelines deprived him of counsel at a critical stage of the proceedings; (7) the trial judge failed to advise him of the enhanced maximum sentence for each count before taking his plea; and (8) appellate counsel failed to raise

all these claims on appeal and failed to inform him of his right to file a supplemental brief. Id., PageID. 5, 7-8, 10, 12-14.

Petitioner alleges that habeas claims five through eight are pending before the state trial court on post-conviction review. Id., PageID. 15. He seeks a stay of this case and an order holding his habeas petition in abeyance while he continues to pursue state remedies. Mot., ECF No. 2. He seeks appointment of counsel on grounds that he lacks experience and the ability to properly present his claims to the Court and he is unfamiliar with the rules governing habeas corpus petitions. Mot., ECF No. 3.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must

fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal court ordinarily must dismiss a petition containing any unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

Petitioner alleges that he presented his first four claims to the state court on appeal from his convictions and that his final four claims are pending in state court on collateral review. A dismissal of the habeas petition while petitioner continues to pursue state-court remedies for his unexhausted claims could result in a subsequent petition being barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d). The Supreme Court, however, has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. Id. at 275-76.

The Rhines stay-and-abeyance procedure is available when the petitioner has good cause for the failure to exhaust his state remedies first

in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. Id. at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. Id.

Petitioner alleges that his appellate attorney is part of the reason that he did not raise claims five through eight on direct appeal. Those claims, moreover, are not plainly meritless, and petitioner is not engaged in intentionally dilatory litigation tactics.

The Court concludes that it would not be an abuse of discretion to stay this case while petitioner continues to pursue state-court remedies. Accordingly, the Court GRANTS petitioner's motion to hold this case in abeyance, ECF No. 2, and CLOSES this case for administrative purposes. The Court denies as moot petitioner's motion for appointment of counsel, ECF No. 3.

If petitioner is unsuccessful in state court and wishes to return to federal court, he should file a motion to re-open this case and an amended habeas corpus petition. The amended petition and the motion to re-open this case must be filed within sixty days of exhausting state remedies.

Failure to comply with this order could result in the dismissal of this case.

Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014).

Dated: December 19, 2018

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2018, by electronic and/or ordinary mail and also on Kewauntae Jones #301867, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Marcia Beauchemin
Deputy Clerk