UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEWAUNTAE JONES,

       Petitioner,              Civil No. 2:18-CV-13142
                               HON. GEORGE CARAM STEEH

   v.

GEORGE STEPHENSON,

       Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION
TO FILE A LATE REPLY (ECF No. 16), (2) DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
(4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Kewauntae Jones, ("Petitioner"), confined at the St. Louis

Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his

conviction for assault with intent to do great bodily harm less than murder,

M.C.L.A. 750.84, felon in possession of a firearm, M.C.L.A. 750.224f,

carrying a concealed weapon, M.C.L.A. 750.227, possessing 25 or more

but less than 50 grams of cocaine, M.C.L.A.  333.7403(2)(a)(iv),

possessing a firearm while committing a felony (felony firearm) second

offense, M.C.L.A. 750.227b, and being a fourth felony habitual offender,

M.C.L.A. 769.12.  For the reasons that follow, the petition for writ of habeas

- 1 -

corpus is DENIED.  Additionally, the Court grants the motion to accept

petitioner's late reply.

## I. Background

Petitioner pleaded guilty to the above charges in the Oakland County

Circuit Court.  In exchange for his plea, the prosecutor agreed to dismiss

an assault with intent to commit murder charge and a second felony-firearm

charge. The prosecutor also indicated that he had no objection to the judge

agreeing to sentence petitioner to a minimum sentence within the

sentencing guidelines.  Petitioner's counsel asked for such an agreement

pursuant to *People v. Cobbs*, [1] noting that he had preliminarily calculated

the guidelines for the minimum sentence at 34 to 134 months. (ECF No.

15-8, PageID. 378-80).  The judge agreed that the minimum sentence

following a guilty plea would not exceed the sentencing guidelines range.

(*Id.*, PageID. 385). [2]

---

[1] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x. 701, 703, n.1 (6th Cir. 2007).

[2] **Error! Main Document Only.**  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)).

Prior to accepting petitioner's plea, the judge advised petitioner of the maximum penalties for the offenses he was pleading guilty to, including the fact that the fourth habitual offender charge would raise the maximum penalty on several  of the charges to life in prison.  Petitioner indicated he understood the nature of the charges and the penalties.  Petitioner also agreed that the terms of the plea agreement that had been placed on the record by counsel were accurate. Petitioner also indicated he understood the sentence agreement that the judge had entered into with him. The judge clarified that petitioner would be sentenced within the sentencing guidelines range for the offenses other than the felony-firearm, second offense, conviction, which carried a mandatory five-year sentence that would have to be served consecutively to the other sentences. [3]  Petitioner acknowledged that he understood this. check (*Id.*, PageID. 387-89). Petitioner was advised of the rights that he would give up by pleading guilty. (*Id.*, PageID. 389-91). In response to the judge's question, petitioner indicated that he had not been threatened to plead guilty nor had any promises been made to him which had not been disclosed on the record.

---

[3] The crime of felony-firearm is not covered by the Michigan Sentencing Guidelines. *People v. Johnigan,* 265 Mich. App. 463, 472; 696 N.W. 2d 724 (2005).

(*Id.*, PageID. 391).  Petitioner made out a factual basis for the charges. (*Id.*, PageID. 391-93).

At his sentencing hearing, the judge calculated the sentencing guidelines range for the assault with intent to commit murder charge at 43 to 152 months. (ECF No. 15-9, PageID. 404).  The judge sentenced petitioner to the top of the sentencing guidelines range for the assault conviction, sentencing petitioner to a minimum sentence of 152 months' imprisonment and a maximum of 99 years.  Petitioner was sentenced to 6 to 20 years on the felon in possession conviction, 3 to 15 years on the possession conviction, and 6 to 20 years in prison on the carrying a concealed weapon conviction.  The court added an additional mandatory five-year term for the felony-firearm conviction, which was to be served consecutively to the other sentences. (*Id.,* PageID. 408-09).

Petitioner filed two motions to withdraw his guilty plea, which were denied. *People v. Jones,* No. 2015-256486-FC (Oakland Cty.Cir.Ct., Sep. 22, 2016)(ECF No. 15-10);  *People v. Jones,* No. 2015-256486-FC (Oakland Cty.Cir.Ct., Apr. 12, 2017)(ECF No. 15-12).

Petitioner's conviction was affirmed on appeal. *People v. Jones*, No. 33815 (Mich.Ct.App. June 20, 2017); *lv. den.* 501 Mich. 1036, 909 N.W.2d 232 (2018).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Jones,* No. 2015-256486-FC (Oakland Cty.Cir.Ct., Oct. 10, 2018)(ECF No. 15-16).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Jones,* No. 346639 (Mich.Ct.App. Apr. 23, 2019); *lv. den.* 504 Mich. 998, 934 N.W.2d 216 (2019).

While petitioner's first post-conviction motion was pending in the state courts, petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could finish exhausting his claims in the state courts. *Jones v. Balcarcel*, No. 18-CV-13142, 2018 WL 6649843 (E.D. Mich. Dec. 19, 2018).

Petitioner filed a second motion for relief from judgment. The trial court initially returned the successive motion to petitioner without filing it. (See 3/5/20 Letter from Hon. Michael Warren's Chambers to Mr. Jones, attached as exhibit A to application for leave to appeal in Mich. Ct. App. file no. 353561)(ECF No. 15-23, PageID. 935). The Michigan Court of Appeals ruled that it lacked jurisdiction to hear petitioner's appeal because the trial court had not issued an order. *People v. Jones,* No. 353561 (Mich.Ct.App. May 12, 2020)(ECF No. 15-23, PageID. 920).   On reconsideration, the

Michigan Court of Appeals reaffirmed that decision but indicated that petitioner could file a complaint for superintending control. *People v. Jones,* No. 353561 (Mich.Ct.App. June 18, 2020)(ECF No. 15-23, PageID. 916).

Petitioner filed a motion for superintending control, which the Michigan Court of Appeals granted, ordering the state trial court to consider the successive motion and determine whether it fell under an exception to the rule under M.C.R. 6.502(G) that a defendant may only file one motion for relief from judgment. *People v. Jones,* No. 354210 (Mich.Ct.App. Jan. 6, 2021)(ECF No. 15-24, PageID. 964).

The Oakland County Circuit Court thereafter considered the motion but denied it because none of petitioner's claims came within the exceptions under Rule 6.502(G)(2) and because, even if they did, petitioner could not show good cause for failing to raise the claims on direct appeal or actual prejudice as a result, pursuant to M.C.R. 6.508(D)(3). *People v. Jones,* No. 2015-256486-FC (Oakland Cty.Cir.Ct. Mar. 19, 2021)(ECF No. 15-20).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Jones*, No. 357221 (Mich.Ct.App. Aug. 31, 2021); *lv. den.* 969 N.W.2d 33 (Mich. 2022).

This Court subsequently reopened the petition and allowed petitioner to file an amended petition.  Some of the claims in the amended petition overlap the claims filed in the original petition. For the sake of clarity and to avoid repetition, the Court delineates petitioner's claims as follows: (1) petitioner's sentencing guidelines were incorrectly scored, (2) defense counsel misled petitioner into pleading guilty by telling him he would receive three years in prison, (3) counsel frightened petitioner into pleading guilty and did so before reviewing the discovery with him, (4) counsel was ineffective for telling petitioner he could not withdraw his guilty plea and for failing to object to the scoring of the sentencing guidelines, (5) trial counsel failed to do any investigation into petitioner's background history to determine the correct sentencing guidelines range, before advising petitioner to plead guilty, (6) trial counsel's failure to do any investigation into the scoring of the sentencing guidelines deprived petitioner of counsel at a critical stage of the proceedings, (7) petitioner should be resentenced without the habitual offender enhancement because the judge failed to advise petitioner of the maximum sentence for each count, (8) petitioner was deprived of the effective assistance of appellate counsel, and (9)

petitioner should be able to withdraw his guilty plea because the judge

failed to uphold the  terms of the *Cobbs* agreement. [4]

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[4] Respondent urges this Court deny several claims on the ground that they are procedurally defaulted for various reasons.  Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Petitioner's defaulted claims are related to the undefaulted claims. Because the same legal analysis applies to both the claims that are not defaulted as well as the ones that are, it would be easier to simply address the merits of all the claims.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

### A. Claim # 1. The sentencing guidelines claim.

Petitioner first claims that several offense variables of the Michigan Sentencing Guidelines were incorrectly scored.

Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010).  Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016).  Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *See Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

**B. Claims # 2, 3, 4, 5, and 6. Ineffective assistance of trial counsel.**

Petitioner contends that he was denied the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's

performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner in his second claim alleges that trial counsel misled him into pleading guilty by telling petitioner that he would receive only three years on the minimum sentence.

In the present case, defense counsel indicated at the plea hearing that he had preliminarily scored the sentencing guidelines at 34-134 months, but clarified that this was only a preliminary calculation. The judge only agreed to sentence petitioner within the sentencing guidelines range and did not agree to a specific sentence. The judge also informed petitioner that the sentencing agreement did not pertain to the felony-firearm, second-offense charge, which carried a mandatory minimum five-year sentence that would have to be served consecutively to any additional sentence. Lastly, petitioner denied that any additional promises had been made to get him to plead guilty other than the promises made on the record.

To the extent that petitioner claims that his trial counsel misled him into believing that he would receive only a three-year minimum sentence if he pleaded guilty, a state court's proper plea colloquy will cure any misunderstandings that a petitioner may have had about the consequences

of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999).  Thus, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an "extraordinary circumstance" when the court conducts a proper, clear, and through plea colloquy. *Id.*

Petitioner was not denied the effective assistance of counsel due to his counsel's alleged promise that he would receive only three years in prison, where the plea and sentencing agreement contained no such promise and petitioner stated at the plea hearing that he understood the terms of the plea and sentencing agreement that he had entered into with the trial court and the consequences of his plea. *See Sellers v. U.S.,* 316 F. Supp. 2d 516, 521 (E.D. Mich. 2004); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 910-11 (E.D. Mich. 2006)(habeas petitioner's conclusory allegation that counsel estimated shorter term of imprisonment than that imposed was insufficient to overcome, for purposes of ineffective assistance claim, his on-the-record statements at plea hearing that counsel had not made any promises or estimates as to the applicable sentencing range if he pleaded no contest).

In light of the record made in this case, petitioner is not entitled to habeas relief because he failed to show that he reasonably believed that he

would receive a three-year minimum sentence if he pleaded guilty. *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004).

Petitioner in his third claim alleges that trial counsel coerced him into pleading guilty by telling him he would receive a life sentence if he went to trial and lost.

Petitioner's claim that his counsel coerced him into pleading guilty is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty. Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750-51 (E.D. Mich. 2005).

Moreover, even if, as petitioner alleges, counsel advised petitioner that he could receive up to life in prison if convicted after a trial, "accurate information regarding the possible ramifications of proceeding to trial cannot be construed as coercive.  Rather, it is exactly the kind of accurate information regarding sentencing exposure which the defendant must have in order to make an informed decision about whether to accept a plea offer." *U.S. v. Green,* 388 F. 3d 918, 923 (6th Cir. 2004).  Contrary to

counsel's advice being misleading, the information in fact was correct.  The original assault with intent to commit murder charge is punishable by up to life in prison. See M.C.L.A. 750.83.  Petitioner was also convicted of being a fourth felony habitual offender which could increase the maximum sentence for the offenses he was charged with, other than the possession charge, to life in prison. M.C.L.A. 769.12(1)(b). [5]  Counsel's statements were neither coercive nor misleading.

Petitioner in his third claim also alleges that trial counsel was ineffective for advising petitioner to plead guilty before reviewing the discovery with him. Petitioner has provided no evidence, other than his own self-serving affidavit, that counsel did not review the discovery with him.  In any event, petitioner offered no argument, either to the state courts or to this Court, as to how petitioner could have used any of these discovery materials to his benefit.  Because petitioner failed to show how any of the discovery materials would have been beneficial to his defense, he failed to show that he was prejudiced by counsel's alleged failure to review these materials with him, so as to support his ineffective assistance of counsel claim. *See Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006).

---

[5] The possession charge carries a maximum penalty of four years in prison, hence, the maximum penalty that petitioner could and did receive for this charge as a fourth habitual offender is fifteen years in prison. M.C.L.A. 769.12(1)(c).

In his fourth claim, petitioner alleges that trial counsel was ineffective for telling petitioner that he could not withdraw his guilty plea.

As the Court will discuss when addressing petitioner's seventh and ninth claims in detail, *infra,* petitioner was not entitled to withdraw his plea. Trial counsel had no basis upon which to advise petitioner to withdraw his plea of guilty; his failure to advise petitioner of his right to withdraw his plea of guilty was not ineffective assistance of counsel. *See Lucero v. Kerby*, 7 F. 3d 1520, 1522 (10th Cir. 1993).

In his fourth claim, petitioner also alleges that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner challenged the scoring of his sentencing guidelines on his direct appeal before the Michigan Court of Appeals. The Michigan Court of Appeals denied petitioner leave to appeal, as did the Michigan Supreme

Court, when petitioner sought leave to appeal after the Michigan Court of Appeals denied him relief.

The sentencing judge and the Michigan appellate courts concluded that the petitioner's offense variables were correctly scored under Michigan law.  Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," the Court is constrained to reject the petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).   Petitioner is not entitled to relief on his fourth claim.

Petitioner in his related fifth claim alleges that trial counsel was ineffective for failing to adequately investigate petitioner's background history or the facts of the case before calculating petitioner's minimum sentencing guidelines at 34-134 months.  Petitioner claims he relied on counsel's representation that these guidelines were accurate in deciding to plead guilty.

Counsel indicated at the plea hearing that he had scored the sentencing guidelines at 34-134 months, but that this was only a preliminary determination. At sentencing, the prosecutor successfully argued that Offense Variable 3 should have been scored at 25 points, and

not 10 points, as the probation department had done, because the victim here had received a life threatening or permanent incapacitating injury. Defense counsel did not disagree with the prosecution's description of the victim's injuries, arguing instead that those injuries did not meet the statutory requirement to score additional points under Offense Variable 3. Put differently, there was no factual dispute. Although the court ultimately sided with the prosecutor (ECF No. 15-9, PageID. 401-04), this does not mean that counsel did not adequately investigate the nature of the offenses or petitioner's background when he scored petitioner's sentencing guidelines.

The increase in the guidelines range was also due to misinformation that counsel received from petitioner himself.  In a letter from counsel to petitioner, which he attached to his successive motion for relief from judgment in the state court, counsel explained that his initial calculations were "based on the prior criminal history [Jones] provided [counsel,] which was incomplete as to prior serious felonies." (7/25/17 Letter from Seth B. Carlson to Jones, attached as exhibit A to 2/19/21 Br. in Support of Successive Mot. for Relief from J.)(ECF No. 15-25, PageID. 1109-10).  As counsel stated in his letter, when the judge recalculated the guidelines

before sentencing, which increased the range from counsel's initial calculations, Jones "agreed that the criminal history was correct." (*Id.*).

Defense counsel's erroneous estimation of petitioner's sentencing guidelines range was the result of petitioner's own omissions or deceptions, thus, petitioner is not entitled to withdraw his plea on the basis that his counsel provided him with inaccurate advice regarding his sentencing guidelines range. *See Mix v. Robinson,* 64 F. App'x. 952, 956-57 (6th Cir. 2003). Moreover, because the trial court did not agree to sentence petitioner within the specific sentencing guidelines range of 34-134 months, petitioner is unable to show that he was prejudiced by counsel's miscalculation of the guidelines. *Id.* Petitioner is not entitled to relief on is fifth claim.

In his related sixth claim, petitioner alleges he was constructively denied the assistance of counsel at a critical stage of the proceedings, because counsel gave petitioner bad advice concerning the sentencing guidelines range.

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984). The existence of certain structural defects in a trial, such as the

deprivation of the right to counsel, requires automatic reversal of the

conviction because it infects the entire trial process. *Brecht v. Abrahamson*,

507 U.S. 619, 629-30 (1993).

"The Supreme Court identified three situations where a defendant is

entitled to this presumption: (1) the 'complete denial of counsel,' including

situations where counsel was absent at a 'critical stage' of the proceedings;

(2) situations where defense counsel 'entirely fails to subject the

prosecution's case to meaningful adversarial testing;' and (3) situations

where 'the likelihood that any lawyer, even a fully competent one, could

provide effective assistance is so small that a presumption of prejudice is

appropriate.'" *Fuller v. Sherry*, 405 F. App'x 980, 985 (6th Cir. 2010)(citing

*Cronic,* 466 U.S. at 659-60).

The Supreme Court has described *Cronic* as creating only a "narrow

exception" to the general rule in *Strickland* that "a defendant who asserts

ineffective assistance of counsel must demonstrate not only that his

attorney's performance was deficient, but also that the deficiency

prejudiced the defense," *Florida v. Nixon*, 543 U.S. 175, 190 (2004).  The

Supreme Court admonished federal courts to be hesitant before concluding

that a state court's failure to apply *Cronic* was contrary to clearly

established law. *See Woods v. Donald*, 575 U.S. 312, 317 (2015)(holding

that none of the cases cited in *Cronic* as examples of a complete or constructive denial of counsel "dealt with circumstances like those present here"—namely, counsel's ten-minute absence during testimony that he had indicated to the court was irrelevant to his client—and therefore the Sixth Circuit erred in affirming *Cronic*-based habeas relief); *Wright v. Van Patten*, 522 U.S. 120, 125 (2008)(holding that no Supreme Court precedent "clearly establishes that *Cronic* should replace *Strickland* in this novel factual context"—an attorney's participation in a plea hearing via speaker phone).

There is no Supreme Court case that clearly establishes that the *Cronic* standard should apply to the context of plea negotiations and a plea hearing.  The Seventh Circuit has noted the Supreme Court's "general reluctance to apply *Cronic* to claims of ineffective assistance arising from a plea hearing[,]." *Morgan v. Calderone*, 355 F. App'x. 53, 56 (7th Cir. 2009). Petitioner failed to show he was constructively denied the assistance of counsel in light of the fact that counsel negotiated petitioner's plea agreement and attended his plea hearing and sentencing. *Id.*  Even if defense counsel was deficient in the scoring of the sentencing guidelines, a challenge to counsel's purported failures at specific points in the proceedings must be analyzed under *Strickland*, not *Cronic*. *See Bell v. Cone*, 535 U.S. 685, 697 (2002).  The state courts' rejection of petitioner's

constructive denial claim conclusions "are reasonable in light of the Supreme Court's recent case law narrowing the scope of *Cronic*." *Morgan v. Calderone*, 355 F. App'x. at 56. Petitioner is not entitled to relief on his sixth claim.

### C. Claims # 7 and # 9. The involuntary plea claims.

Petitioner in his seventh and ninth claims argues that he should have been permitted to withdraw his guilty plea because it was involuntary.

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x. 530, 536 (6th Cir. 2013)(internal quotations omitted).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and

- 21 -

intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

Petitioner in his seventh claim argues that his plea was invalid because the judge failed to advise him of the enhanced maximum sentence of life in prison that petitioner could receive as a fourth habitual offender.

Petitioner's claim is without merit. After advising petitioner of the penalties for the underlying offenses, the judge informed petitioner that there was a notice of intent to seek sentence enhancement as a fourth habitual offender and that petitioner could receive up to life in prison.

Petitioner stated he understood this.  (ECF No. 15-8, PageID. 387).  The prosecutor earlier in the plea hearing had also indicated that petitioner was pleading guilty to being a fourth habitual offender, which did not change the maximum sentences for the underlying charges because that the greatest offense, the assault with intent to do great bodily harm, was "punishable by up to life in prison as a fourth habitual."  (*Id.*, PageID. 379).  Petitioner's seventh claim is without merit because he was clearly aware of the maximum penalties for being convicted of being a fourth habitual offender.

Petitioner in his ninth claim argues that he should be permitted to withdraw his guilty plea because the judge did not adhere to the terms of the *Cobbs* agreement, which petitioner alleges was that the judge would sentence him within the sentencing guidelines range of 34-134 months.

Petitioner raised this claim in his second motion for relief from judgment.  The judge rejected the claim, because there was never an agreement between the parties that petitioner would be sentenced within a specific sentencing guidelines range, only that petitioner would be sentenced within the sentencing guidelines, which he was. (ECF No. 15-20, PageID. 572-73).

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp.

2d 621, 627 (E.D. Mich. 2001).  Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty or no-contest plea. *See Spencer v. Superintendent, Great Meadow Correctional Facility,* 219 F. 3d 162, 168 (2nd Cir. 2000).  Nonetheless, a federal court on habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

Absent extraordinary circumstances, or some other reason why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial judge scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986).  Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.*  Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).  A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F. 3d at 497. Moreover, "[T]he United States Constitution does not require judges to

explain the meaning of ...unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial judge that petitioner would be sentenced within the sentencing guidelines range of 34-134 months. Petitioner has therefore failed to show that the original terms of the plea and sentencing agreement were breached by the prosecutor or the trial judge. *Myers,* 159 F. Supp. 2d at 628.  The only agreement with regards to sentencing was that the judge would sentence petitioner within the sentencing guidelines.  Although defense counsel on the record gave estimates as to what he believed the minimum sentencing guidelines range to be, in light of the fact that the judge explicitly advised petitioner that he would sentence petitioner within the sentencing guidelines range, without giving a specific number, petitioner is unable to show that the trial court breached the sentencing agreement entered into pursuant to *Cobbs* or that petitioner had any reasonable belief that he would be sentenced within the sentencing guidelines range of 34-134 months. *See Wright v. Lafler,* 247 F. App'x. 701, 705-08 (6th Cir. 2007).   Petitioner is not entitled to relief on his ninth claim.

### D. Claim # 8. The ineffective assistance of appellate counsel claim.

Petitioner lastly claims that appellate counsel was ineffective for failing to raise several of the claims in the petition on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005).  Nonetheless, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  A habeas court reviewing an ineffective assistance of appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016)(per curiam).

Petitioner's claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Petitioner also briefly alleges that his appellate counsel was also ineffective for failing to tell him that he could file a *pro per* supplemental brief.

Petitioner fails to state a claim upon which relief can be granted.  A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000).  This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself.  However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment], because "[U]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding". *Martinez,* 528 U.S. at 161.

Thus, there is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. See *McMeans v. Brigano,* 228 F. 3d

674, 684 (6th Cir. 2000). By accepting the assistance of counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *See also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds* 262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation). Appellate counsel's failure to advise petitioner that he could file his own *pro se* supplemental brief on his direct appeal does not entitle him to relief. The Court rejects petitioner's eighth claim.

## IV. Conclusion

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional

claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d at 629. The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2023, by electronic and/or ordinary mail and also on Kewauntae Jones #301867, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Mike Lang
Deputy Clerk